# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>TIFFANY C. JOHNSON,<br><br>                            Debtor | Chapter 13<br><br>Case No. 21-11333 (MDC) |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN DATED NOVEMBER 10, 2021**

TO:    THE HONORABLE MAGDELINE D. COLEMAN,
          CHIEF UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 plan dated November 10, 2021 (the "Plan") proposed by debtor Tiffany C. Johnson (the "Debtor"), and in support thereof represents as follows:

## BACKGROUND

1.    On April 5, 2019, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $29,378.20 (the "Loan") pursuant to the terms of that certain Loan Agreement and Consumer Credit Disclosure Statement dated April 5, 2019 (the "Note").

2.    The Loan is secured by a lien on the title to a 2017 Lexus NX (the "Vehicle"), which Vehicle was purchased using the proceeds of the Loan, and which lien was perfected on April 5, 2019.

3.    On May 10, 2021 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

4.    On November 3, 2021, the case was converted by a proceeding under Chapter 13 of the Bankruptcy Code by Consent Order entered on the docket as of November 4, 2021.

9757898.v1

5. On November 10, 2021, the Debtor filed the Plan.

6. As of the Petition Date, FMFCU held a claim on account of First Loan secured by the Vehicle in an amount no less than $22,407.09 (the "Claim"). Proof of this Claim was filed with this Court on October 1, 2021, which Claim is incorporated herein by reference as if set forth fully herein. See Claim No. 12.

7. Pursuant to the terms of the Plan, the Debtor proposed to retain the Vehicle, with the Claim being allowed in a limited amount of $19,777.00, and with interest to accrue at a rate of 0.00%. See Plan, § 4(a).

8. FMFCU objects to the Debtor's proposed cram down of the Loan, as it is violative of those provisions of the Bankruptcy Code limiting cram downs to only those purchase money loans secured by vehicles that were obtained more than 910 days prior to the Petition Date. In the alternative, and in the extraordinary event this Court determines that a cram down is even legally permissible (which it should not), FMFCU objects to the fair market value assigned to the Vehicle by the Debtor, as well as the proposed interest rate of 0.00%.

9. For the foregoing reasons, FMFCU objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

10. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

11. With respect to allowed secured claims, Section 1325 of the Bankruptcy Code provides that the Court shall confirm a plan if "the holder of such claims has accepted the plan", the plan provides that "the value, as of the effective date of the plan, of property to be distributed

9757898.v1

under the plan on account of such claim is not less than the allowed amount of such claim", or "the debtor surrenders the property securing such claim to such holder". 11 U.S.C. § 1325(a)(5).

12.     The Bankruptcy Code also provides that "[f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle…acquired for the personal use of the debtor." Id.

13.     Section 506(a)(1) of the Bankruptcy Code provides that, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

14.     FMFCU does not accept the Plan, the Plan does not provide that the value of property to be distributed to FMFCU is equal to the amount of the Claim, and the Debtor has not offered to surrender the Vehicle.

15.     The cram down proposed by the Debtor is furthermore not authorized by the Bankruptcy Code. The Petition Date was May 10, 2021, which was only 766 days after the date of the Loan. "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, <u>does not affect a change in the date of the filing of the petition</u>." 11 U.S.C. § 348(a) (emphasis added).

16.     FMFCU therefore objects to the Plan as proposing a cram down prohibited by law.

9757898.v1

17. In the alternative, and if this Court nevertheless determines that a cram down is authorized (which it should not), FMFCU objects to the proposed cram down as violative of Section 506 of the Bankruptcy Code, because the value of the Vehicle exceeds the balance of the Claim. The proposed interest rate of 0.00% is furthermore not reasonable.

18. Because the Plan fails to comply with Section 1325(a)(5) of the Bankruptcy Code, confirmation must be denied. See 11 U.S.C. § 1325(a)(1).

19. FMFCU expressly reserves the right to raise further objections to confirmation of the Plan, whether at the hearing on confirmation of the Plan, or if an amended plan is proposed by the Debtor.

## CONCLUSION

20. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated: November 12, 2021

9757898.v1